THE defendant was charged on two indictments, for passing counterfeited money, knowing, c., ($10 notes on the Chesapeake Bank of Maryland.)
He was indicted for this offence at the last term, and the Attorney General, in the beginning of this, entered a nolle prosequi, sent up other bills containing other counts, but the first count in the same words. *Page 489 
 Mr. Bayard moved to strike out the first counts, on the ground that the State could not, after abandoning one charge against the defendant, indict him again on the same charge, without any variation of facts or circumstances; but the court over-ruled the objection.
The cashier of the Farmers' Bank at Georgetown proved that the notes were counterfeit notes; and that the Chesapeake Bank was reputed to be an incorporated bank, and issued notes as such. He did not know the corporate name.
The State offered to prove the passing by defendant of another note of the same kind (for which he was indicted) to show guilty knowledge.
Mr. Bayard objected, that though the passing other notes of the same kind was evidence of guilty knowledge, yet it could not be admitted where such other facts were made the subject of a distinct indictment.
Mr. Bradford insisted that other acts of passing counterfeit money of the same kind, whether before or after, were evidence to show guilty knowledge, which is the present object; and it could make no difference whether the other acts were indicted for or not. (Roscoe Civ. Evid., 44; 6 Carr Payne, 81, 179.)
The Court admitted the evidence.
Mr. Bayard asked the jury to acquit, on these grounds: — 1. Because the corporation was not proved satisfactorily as the "Chesapeake Bank." 2. On the count setting out the note by tenor, in literis, the description was insufficient, by omitting the words "Wright, Rawdon Hatch," the engravers' names. 3. None of the notes had been read in evidence, nor offered. They could not now be given in evidence. They were proved, and all the witnesses were examined on them, but he insisted that this did not put them in evidence, any more than the proof of a bond makes it evidence, without putting it in.
The Court being of opinion on the third point, that the notes were not in evidence, the defendant was acquitted; but he was then tried on another indictment for passing another of these notes, and the trial being, by consent, before the same jury, the same evidence was admitted, except that Mr. Bayard objected to any evidence of passing the notes on which there had been a trial and acquittal, as proof of the guilty knowledge with which the note now on trial was passed. *Page 490 
 The Court said they did not think the acquittal prevented proof of thefact of passing these notes. If it had been followed by an acquittal, that would be immediately offered, as fully rebutting any inference of guilty knowledge in this case, arising from that. (2 Russ. Cr., 384, n.,Spencer vs. Com.; 2 Leigh, 751;State vs. Houston, 1 Bailey, 300; State
vs. Petty, 59.) And they would tell the jury that on proof of acquittal, the weight of that evidence was entirely destroyed, and the fact could no longer be considered as evidence of guilty knowledge.
 Verdict — guilty.